NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 15, 2020[*]
Decided November 19, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1397

| | |
|---|---|
| VINCENZA PRESTI,<br>　*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 1710 |
| CHAD F. WOLF, Acting Secretary of the U.S. Department of Homeland Security,<br>　*Defendant-Appellee*. | Virginia M. Kendall,<br>*Judge*. |

## O R D E R

Vincenza Presti, an immigration officer at the United States Citizenship and Immigration Services, believes that she was demoted and given negative feedback on her job performance based on her Italian descent and in retaliation for complaints she had filed with the Equal Employment Opportunity Commission. She sued the Secretary

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

of Homeland Security under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. The district court entered summary judgment for the defendant, concluding that no reasonable jury could find that USCIS's employment decisions were discriminatory or retaliatory. We affirm.

Presti joined USCIS in 2002 as an immigration officer. Over the next eleven years, she filed two complaints with the EEOC about discrimination on the job. In her first complaint, in 2008, she stated that she had been passed over for a role because of her Italian heritage. The EEOC made a finding of discrimination, and USCIS offered her the job she sought. The second, in 2013, concerned feedback in her annual review. That complaint was settled through mediation.

In 2015, Presti's supervisor gave her some more negative feedback in an otherwise positive annual performance review. He wrote that Presti came across as confrontational and demanding and needed to work on her communication, but he also favorably graded her overall score as 4.4 out of a possible 5 points, placing her in the category of "exceeding expectations." Presti objected to the comments about her communication style, which she defended as "open," "direct," and rooted in her Italian background and culture. Management edited the written feedback so that she and the supervisor approved of it.

Around this time, Presti applied for a promotion to Level III Immigration Officer. Applicants were scored based on their interview performance and references, and the two applicants with the highest scores were promoted. Presti's total score was the fifth highest of the seven candidates.

Presti then filed a new EEOC complaint stating that she received negative feedback and was passed over for promotion based on her Italian descent. The EEOC found the charges unsupported.

In March 2018, Presti applied to be a Supervisory Immigration Services Officer. At the time, she already was serving as a supervisor in a temporary capacity. She interviewed for the position, received the highest score in the selection process, and was offered the job.

In the meantime, Presti sued the Secretary of Homeland Security under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, alleging that the two episodes from

2015—receiving negative feedback and being passed over for promotion—reflected discrimination based on her national origin and retaliation for her earlier EEOC activity.

After she assumed the supervisory position, Presti's performance declined. An early, first review garnered positive feedback, but complaints about her work followed. Presti's supervisor noted that Presti micromanaged her team's work product and struggled to build relationships, and Presti's coworkers complained about her treatment of the team. At Presti's mid-year review, her supervisor noted that her communication style was overly direct and unpleasant, that she continued to micromanage her team's work product, and that her lack of familiarity with the computer systems and relevant law impeded her ability to assist her team and adjudicate cases. Even after this review, Presti's supervisor noted no change in her performance.

In September, USCIS demoted Presti for poor performance. In a demotion letter, her supervisor explained that Presti had failed to improve in her performance or to meet the job's expectations, despite receiving mentorship and ongoing feedback.

Presti then amended her complaint to allege that the agency had demoted her in retaliation for her earlier EEOC filings.

During the discovery that ensued, Presti twice filed motions to compel the agency to produce documents she regarded as critical to her 2015 non-promotion claim. She first sought resumes and demographical data for positions to which she had not applied between 2016 and 2018. After hearing argument from Presti on the motion, the magistrate judge presiding over discovery denied the request as irrelevant because Presti was not challenging those selection decisions. Presti later sought the resumes of candidates whom USCIS had selected for promotion between 2014 and 2016, the same period during which she was denied a promotion. The magistrate judge held another hearing on the request before granting it in part, ordering USCIS to turn over the resumes of candidates for any position to which Presti had applied.

The district court ultimately entered summary judgment for USCIS. Based on the evidence presented, the court explained, no reasonable jury could conclude that Presti suffered an adverse employment action in 2015 upon receiving negative feedback—feedback that later was changed to her liking—or that any discriminatory or retaliatory motive influenced her non-promotion in 2015 or her demotion in 2018.

On appeal, Presti first challenges the district court's denials of her motions to compel. In her view, she needed the requested resumes to identify possible comparators to prove discrimination regarding the 2015 non-promotion.

The district court acted within its discretion to deny both motions. When deciding motions to compel the production of personnel files, courts have "broad discretion to limit a request … in order to prevent the dissemination of personal or confidential information about employees." *Brunker v. Schwan's Home Serv., Inc.,* 583 F.3d 1004, 1010 (7th Cir. 2009). This discretion extends to limiting discovery over similarly situated comparators in discrimination cases. *See id.; Balderston v. Fairbanks Morse Engine,* 328 F.3d 309, 320 (7th Cir. 2003). Here, the district court properly found irrelevant Presti's first discovery request regarding selection decisions for jobs for which she had never applied. *See Balderston,* 328 F.3d at 320. Further, the court appropriately denied in part her request for resumes of successful candidates for promotion from 2014 to 2016 because she sought resumes of applicants for jobs different from the one to which she had applied, and there is no evidence that selection decisions in those cases were made by the same decision-makers or using the same standards. *See Brunker*, 583 F.3d at 1010.

Presti next challenges the entry of summary judgment on her claims arising from the negative feedback she received on her 2015 annual review. We understand her to argue that the district court did not view the record in a light favorable to her when it concluded that the negative feedback—which criticized her communication style and postdated her EEOC complaints—was not discriminatory or retaliatory.

This challenge is unpersuasive. To stave off summary judgment, Presti had to produce evidence to suggest that she suffered an adverse employment action because of her national origin or in retaliation for her earlier, protected EEOC activity. *See McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367, 370–71 (7th Cir. 2019). But, as the district court concluded, no reasonable juror could conclude that the negative feedback amounted to an adverse action (i.e., one that resulted in a significant change in an employment condition, such as income or career prospects, *see Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016)). She received an overall score that "exceeded expectations," the negative feedback was revised to meet her approval, and she offers no evidence that the feedback affected her pay or job trajectory. And even if negative criticism on an otherwise strong evaluation could constitute an adverse employment action, Presti offered no evidence that USCIS's proffered rationale for the feedback—

that her communication style was impeding her ability to work with others and perform her job effectively—was pretextual. *See id.* at 916–18.

Presti relatedly challenges the district court's ruling that she lacked evidence from which a jury could infer that she was demoted in 2018 in retaliation for her EEOC complaints. She maintains that the court overlooked material evidence, namely the positive feedback accompanying her early reviews in that job. But this argument misses the court's broader point that her evidence was insufficient to persuade a reasonable juror that protected activity was the but-for cause of her demotion. *See Abrego v. Wilkie*, 907 F.3d 1004, 1014 (7th Cir. 2018). The undisputed record shows that USCIS demoted her after several months of recorded poor performance, including struggles with managing her team, building relationships, and accessing the systems necessary to do the job.

We have considered Presti's other arguments, and none has merit.

AFFIRMED